IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REO COVINGTON,

                Plaintiff,                                OPINION AND ORDER

  v.

                                                          16-cv-217-wmc

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

                Defendants.

*Pro se* plaintiff Reo Covington filed a civil action contending that prison staff at the Oshkosh and Racine Correctional Institutions violated his rights under the U.S. Constitution, federal statutes and state law. On September 26, 2016, the court issued an order explaining that Covington's complaint violated Rule 20 of the Federal Rules of Civil Procedure because he had asserted multiple claims that cannot be joined in one lawsuit. Covington has chosen to proceed on two sets of claims, one under this case number, which the court screens in this opinion, and one under a new number, which the court will screen after payment of the initial filing fee. Covington's remaining claims will be dismissed without prejudice.

BACKGROUND

Tthe September 26 order explained that Covington's claims could be divided into the following three lawsuits:

    **Lawsuit #1:** Covington's claims that his rights under the ADA and Rehabilitation Act were violated at RCI when he was denied access to the Early Release Program.

    **Lawsuit #2:** Covington's claims that he was sexually assaulted by defendant Tannen at OCI.

1

>**Lawsuit #3:** Covington's claims that he was denied adequate mental health treatment at OCI and was instead placed in observation and subjected to harsh conditions of confinement, including a cold cell with no blankets.

Covington was instructed to identify which lawsuit he wished to pursue under this case number and also to decide whether he wished to dismiss the other lawsuits at this time.

In his October 3, 2016, response, Covington stated his desire to proceed with Lawsuit #1 under this case number, with Lawsuit #2 under a new case number, and for Lawsuit #3 to be dismissed without prejudice. (Dkt. #23.) Therefore, in addition to screening Lawsuit #1 here, Lawsuit #2 will be opened under case number: 16-cv-817-wmc. Once Covington pays the initial partial filing fee of $17.27 for that lawsuit, it, too, will be screened under 28 U.S.C. § 1915A. (*See* dkt. #12) (order calculating plaintiff's initial partial payment). Finally, the claims of Lawsuit #3 will be dismissed without prejudice.

The next step in this case is to screen the claims in Lawsuit #1 under 28 U.S.C. § 1915A to determine whether they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. After reviewing the allegations of Covington's complaint relevant to Lawsuit #1, the court concludes that he may proceed with his claims that the Wisconsin Department of Corrections violated his rights under the Americans with Disabilities Act and Rehabilitation Act by denying his participation in Wisconsin's Early Release Program. However, Covington's renewed motion for a preliminary injunction (dkt. #24) will be denied.

ALLEGATIONS OF FACT[1]

On December 15, 2015, Covington appeared at the annual hearing of the Program Review Committee at the Racine Correctional Institution ("RCI"), where he was incarcerated at the time. The hearing was paneled by three staff members at RCI, with the chairperson being "K. Marks." The purpose of the hearing was apparently to determine whether Covington had any unmet programming needs, and whether he should be transferred to another institution to meet those needs.

During the hearing, Marks recommended that Covington be sent to Oshkosh Correctional Institution ("OCI") in order to participate in a program for Alcohol and Other Drugs of Addiction (AODA) and mental health treatment. Covington objected on the grounds that he was then eligible for the Wisconsin Substance Abuse Early Release Program ("ERP"), having been recommended for ERP by the sentencing judge and completed all of the programming prerequisites for ERP. In response, Marks suggested that Covington's serious mental illness made him incapable of handling the intensive programming requirements of the ERP, and that even if he were able to do so, she would not recommend early release. Rather, she would recommend that he be transferred to a minimum security institution.

After the hearing, Covington sought review of the Committee's decision to deny him admission to ERP, arguing that Marks had discriminated against him on the basis of

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in Covington's complaint when viewed in a light most favorable to the plaintiff.

his mental disabilities. Covington's grievances were dismissed. A few months later, on February 22, 2016, he was transferred to OCI.

OPINION

I.   **Screening under 28 U.S.C. § 1915A.**

Plaintiff contends that his rights under the Americans with Disabilities Act and Rehabilitation Act were violated when he was denied participation in the Wisconsin Substance Abuse ERP because of his disabilities. The Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, prohibits discrimination against qualified persons with disabilities. To establish a violation of Title II of the ADA, a plaintiff "must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (*citing Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)). State prisons are considered public entities under the ADA. *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998) (citing 42 U.S.C. § 12131(1)(B)).

The Rehabilitation Act claim is functionally identical, requiring the plaintiff to allege that: "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). For the Rehabilitation Act to apply, the

relevant state agency (here the corrections department) must accept federal funds, which all states' department of corrections do. *Id.* at 671

Based on plaintiff's allegations that he has severe mental illness, he is arguably a qualified person with a disability under the ADA. 42 U.S.C. § 12102. Additionally, plaintiff's allegations that the Program Review Committee denied his request to participate in the ERP because of his disability at least supports an inference that he was denied access to a state prison program or service on the basis of his disability.

At this early stage, these allegations are sufficient to state a claim under the ADA and Rehabilitation Act. The appropriate defendant for a claim under the ADA and Rehabilitation Act is the Wisconsin Department of Corrections, which plaintiff has already named as a defendant in the caption of his complaint. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004)). Accordingly, the court will permit plaintiff to proceed against the Department on his ADA and Rehabilitation Act claims.

II. **Preliminary Injunctive Relief.**

In the September 29, 2016 order, the court denied several motions plaintiff had filed requesting preliminary injunctive relief. (Dkt. #21.) The court explained in some detail that plaintiff had neither followed this court's procedures for obtaining such relief nor shown a likelihood of success on the merits of his underlying claims. Plaintiff has now filed a renewed motion for a preliminary injunction, arguing that he will suffer

severe physical and mental distress if prison staff is not enjoined from: (1) placing him in observation or segregation status; (2) physically assaulting him; and (3) placing him within 100 feet of Dr. Tannen, Dr. Shallcross or Jeff Freund, who subjected him to assaults and harsh conditions of confinement in the past.

This renewed request for injunctive relief must also be denied because: (1) he has not shown a likelihood of success on the merits of his underlying claims; and (2) he has not shown that he will suffer irreparable harm if the injunction is not granted. The basis for plaintiff's request appears to be his allegations that (1) Dr. Tannen performed an anal exam without permission after plaintiff complained about pain; and (2) the other doctors placed plaintiff on observation in a unit with harsh conditions of confinement. As an initial matter, neither of these claims have been screened to go forward as part of this lawsuit. In fact, plaintiff has notified the court that he does not intend to pursue his claims about the harsh conditions in observation at this time (dkt. #23), so out of the box, the court could not consider granting preliminary injunctive relief based on those claims. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *Neuroscience, Inc. v. Forrest*, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint); *Dudgeon v. Fiorello*, 06–C–563–C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (same); *Williams v. Nelson*, 04–C–774–C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same).

Even assuming these allegations were before the court *and* stated claims under the Eighth Amendment, plaintiff has alleged insufficient facts to suggest that there is an ongoing risk of harm from these individuals. For example, he does not allege that he has been forced to see Tannen, Shallcross or Freund for any recent appointments. He *does* allege that he has been unable to go to the health services unit for fear that seeing one of these individuals will cause him to suffer a mental breakdown, but he provides insufficient detail about: (1) why he needs to go to the health services unit; (2) whether he can obtain the help he needs by requesting appointments with other medical providers; and (3) what he believes the court could do to address this problem. Without such information, plaintiff has not shown that he has a clear need for a preliminary injunction. *See Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015) ("A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need.") For these reasons, plaintiff's request for preliminary injunctive relief will be denied.

ORDER

IT IS ORDERED that:

(1) The claims listed as Lawsuit #1 will proceed here, in case number 16-cv-217-wmc. With respect to that lawsuit, plaintiff Reo Covington is GRANTED leave to proceed on his claim that defendant Wisconsin Department of Corrections violated his rights under the Americans with Disabilities Act and the Rehabilitation Act by denying his participation in the Wisconsin Substance Abuse Early Release Program.

(2) The claims listed as Lawsuit #2 will proceed as case number 16-cv-817-wmc.

(3) Plaintiff is assessed $17.27 as an initial partial payment of the $350.00 filing fee for case number 16-cv-817-wmc. On or before **February 1, 2017,** plaintiff is to submit a check or money order made payable to the clerk of court in the amount

7

of $17.27 or advise the court in writing why he is unable to do so. If plaintiff does not have enough money to make the initial partial payment from his regular account, he should arrange with prison authorities to pay the remainder from his release account. If plaintiff fails to make the initial partial payment or show cause for his failure to do so on or before **February 1, 2017**, plaintiff will be held to have withdrawn case number 16-cv-817-wmc voluntarily. In that event, the case will be closed without prejudice to plaintiff filing those claims at a later date. Once the court receives his initial partial payment, the claims of 16-cv-817-wmc will be screened under 28 U.S.C. § 1915A in a separate order.

(4)   The claims listed as Lawsuit #3 are DISMISSED without prejudice.

(5)   Plaintiff's motion for a preliminary injunction (dkt. #24) is DENIED.

(6)   Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the defendant. Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing in this order to answer or otherwise plead to plaintiff's complaint if it accepts service for the defendant.

(7)   For the time being, plaintiff must send the defendant a copy of every paper or document he files with the court. Once plaintiff has learned what lawyer will be representing the defendant, he should serve the lawyer directly rather than the defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to the defendant or to defendant's attorney.

(8)   Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

(9)   If plaintiff is transferred or released while this case is pending, it is his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for failure to prosecute.

Entered this 9th day of December, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

8